IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY S. DOCKERY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-277 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Caiazza |
| ROBERT M. FERRY, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

### II. REPORT

The Plaintiff, Gregory S. Dockery ("Dockery" or "the Plaintiff"), a state pretrial detainee confined at the Allegheny County Jail, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Dockery alleges that the Defendant, a police officer, has falsified police reports which resulted in Dockery being charged with Robbery, Simple Assault and Disorderly Conduct. Dockery seeks as relief the dismissal of the pending criminal charges, the termination of the Defendant's employment, and compensatory damages.

A.  **Applicable Law.**

This Court is required to review the Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires federal courts to review prisoner complaints that seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief", the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, actions in which litigants are permitted to proceed in *forma pauperis* must be reviewed pursuant to Section 1915(e) of the PLRA. The court is directed to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dockery is considered a "prisoner" as that term is defined under the PLRA. 28 U.S.C. §§ 1915(h); 1915A(c). The Defendant is a local police officer, i.e., an employee of a governmental entity. The Plaintiff also seeks permission to proceed in *forma pauperis*. (Doc. 1). Thus, Dockery's allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A

and 1915(e).

In reviewing complaints under 28 U.S.C. §§ 1915A and 1915(e), a federal court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

## B. Analysis

Dockery seeks three types of relief: (1) dismissal of the pending state criminal charges; (2) termination of the Defendant's employment; and (3) monetary damages.

First, Dockery cannot seek dismissal of criminal charges in a §1983 action; a federal habeas corpus petition "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Clearly, this action is frivolous to the extent that Dockery seeks relief which can only be sought through a habeas corpus proceeding.

Next, even if the Plaintiff succeeded on his underlying

civil rights claim, the Court cannot issue an order which would direct a local government entity to terminate a police officer's employment. Compare, In re Jones, 28 Fed.Appx. 133, 134 (3d Cir.2002) ("Jones is not entitled to relief . . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials.")

Finally, Dockery cannot seek compensatory damages on the basis that the pending criminal charges are false or otherwise improper because action by a federal court in the manner as requested by the Plaintiff would improperly interfere with pending state court proceedings. Where the validity of a state court criminal conviction is at issue, a §1983 plaintiff must allege and prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Absent such allegations, a §1983 claim must be dismissed. Parenthetically, the Heck bar applies equally to a claim -as Dockery makes here- which would call into question the validity of criminal charges which remain pending in state court. Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). Clearly, the Plaintiff's

claim for damages is barred by Heck.

### III  CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

In accordance with the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 18, 2008.

April 2, 2008

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge

cc:
GREGORY S. DOCKERY
19725
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219-3100